IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNCORA GUARANTEE INC., formerly known as XL CAPITAL ASSURANCE, INC., <br><br> Plaintiff, <br><br> v. <br><br> EMC MORTGAGE CORPORATION, <br><br> Defendant.                     / | No. C 12-80028 SI <br><br> **ORDER MODIFYING DEPOSITION SUBPOENAS** |

A non-party witness in a breach of contract suit pending in the Southern District of New York moves this Court to modify deposition subpoenas. Plaintiff Syncora Guarantee Inc. ("Syncora") and defendant EMC Mortgage Corporation ("EMC") separately subpoenaed the witness, who resides in this District, to appear for deposition at different times on the same day. The parties have not come to agreement about the apportionment of time during the deposition, and the non-party witness moves this court to order the parties to equally apportion questioning time. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing scheduled for March 16, 2012. The Court orders as follows.

**BACKGROUND**

The action pending in the Southern District of New York involves an alleged breach of contract for the securitization of mortgages. EMC sponsored, and Syncora insured, the transaction at issue, whereby approximately 10,000 mortgage loans were sold to a trust. The loans were originated by GreenPoint Mortgage Funding, Inc. ("GreenPoint"), of which the witness, Leslie Gibin, is a former

employee.

Both parties subpoenaed Ms. Gibin. On January 13, 2012, Syncora served its subpoena, requiring Ms. Gibin's presence at 9:30 am on February 3, 2012 at the office of its counsel on Kearny Street in San Francisco, California. On January 24, 2011, EMC served its subpoena, requiring Ms. Gibin's presence at 1:30 pm on February 3, 2012, at a law office on Townsend Street in San Francisco, California. Ms. Gibin's counsel notified the parties of the conflict, and counsel for both parties negotiated over how to allocate the time of the deposition. Although Ms. Gibin offered to be deposed for eight hours, the parties could not come to an agreement: Syncora would not settle for less than six hours, and EMC would not settle for less than four hours. Because of the conflict, the February 3, 2012 deposition did not occur.

Both parties agree that the testimony of Ms. Gibin, who worked in GreenPoint's underwriting department, is important and highly relevant to questions about the origination of the loans at issue. Each party contends that the other party is attempting to game the system: Ms. Gibin claims that Syncora is engaging in "an end-run around proper procedure" by using this motion as a substitute for a motion to compel testimony beyond seven hours. Reply at 5. Syncora alleges that EMC "has sought to restrict Syncora's ability to conduct third-party depositions" by serving subpoenas on the same witnesses and then requesting an even split of time. Opp. at 8.

### LEGAL STANDARD

Federal Rule of Civil Procedure 30(d)(1) limits depositions to "1 day of 7 hours." As the Committee Notes on Rules for the 2000 Amendment explain, "[i]t is expected that in most instances the parties and the witness will make reasonable accommodations to avoid the need for resort to the court . . . . Preoccupation with timing is to be avoided."

While generally contemplating broad discovery, Rule 26 requires the court to limit discovery when (I) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, (ii) the party has already had ample opportunity to obtain the information, or (iii) the burden of obtaining the information outweighs the expense. Fed. R. Civ. P. 26(b)(2)(c). Further, Rule 45 requires the court to quash or modify a subpoena that, *inter alia*, "fails

2

to allow adequate time to comply" or "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(I). The Committee Notes to the 1991 Amendments explain that the purpose of this subdivision is to "protect[] a witness from misuse of the subpoena power."

The Rules also provide that "the court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent." Fed. R. Civ. P. 30(d)(1). The Committee Notes to the 2000 Amendments to Rule 30 explain that "[t]he presumptive duration may be extended, or otherwise altered, by agreement. Absent agreement, a court order is needed. The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order."

**DISCUSSION**

According to both parties, Ms. Gibin's testimony is of central importance to this litigation. As the former head of the corporate underwriting department at the entity that originated the loans at issue, Ms. Gibin has information that both parties expect to be useful.

Ms. Gibin does not argue that the total time of her deposition is unduly burdensome. Nor does she claim that the deposition is unreasonably cumulative or duplicative, that either party has been able to obtain elsewhere the information in her possession, or that the expense outweighs the burden. Rather, the undue burden Ms. Gibin protests "is that one of the deposing parties refuses to budget its examination so that the deposition can be completed in one day." Reply at 4.

Ms. Gibin is a non-party witness, and both parties claim the need to affirmatively question her about GreenPoint's standards and practices. Because of its alleged importance, and because the parties are traveling from New York to take her deposition, the Court finds good cause to justify extending the deposition of Ms. Gibin to two days of seven hours each.[1] The parties shall split the time evenly.

---

[1] While neither party to the litigation moved for an extension of the deposition, the Court finds that granting an extension falls within its broad discretion to manage discovery. *See Herbert v. Lando*, 441 U.S. 153, 177 (1979) ("The [Supreme] Court has more than once declared that the deposition-discovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials."); *Goehring v. Brophy*, 94 F.3d 1294, 1305 (9th Cir. 1996) ("Broad discretion is vested in the trial court to permit or deny discovery.").

**CONCLUSION**

For the foregoing reasons, it is ORDERED that Ms. Gibin shall make herself available for two days of seven hours each. The parties shall each have seven hours to depose the witness, inclusive of time for cross examination, and shall budget their time accordingly.

**IT IS SO ORDERED.**

Dated: March 8, 2012

SUSAN ILLSTON
United States District Judge